UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSONVILLE POLICE OFFICERS AND FIRE FIGHTERS HEALTH INSURANCE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>Defendants. | Case No. 20-cv-06522-JSW<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. No. 88 |

This matter comes before the Court upon consideration of the motion to stay discovery filed by Defendants Gilead Sciences, Inc., Cipla, Ltd., and Cipla USA, Inc. ("Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court concludes the motion is suitable for disposition without oral argument and VACATES the hearing scheduled for December 9, 2022. The Court HEREBY GRANTS Defendants' motion.

**BACKGROUND**

The Court recounted the facts underlying the parties' dispute in its Order granting, in part, and denying, in part, Defendants' motion to dismiss the first amended complaint. *See Jacksonville Police Officers and Fire Fighters Health Insurance Trust v. Gilead Scis., Inc.*, No. 20-cv-6522-JSW, 2022 WL 3579881, at *1-5 (N.D. Cal. Aug. 19, 2022). The Court concluded Plaintiff, Jacksonville Police Officers and Fire Fighters Health Insurance Trust (the "Trust"), sufficiently stated a claim under the Sherman Act based on allegations that Defendants entered into a "reverse payment settlement." *Id.*, at *5-9. The Court dismissed the Trust's state law claims, including a claim under California's Cartwright Act, for lack of standing, and it granted the Trust leave to amend. *Id.*, at *9-10.

On September 23, 2022, the Trust filed the Second Amended Complaint ("SAC"), which

dropped the Sherman Act claim and added a plaintiff identified as John Doe, who is a resident of California. Plaintiffs maintain all of their state law claims and once again allege Defendants entered into a reverse payment settlement.

**ANALYSIS**

Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, forbidding discovery or by specifying terms, including time and place, for disclosure or discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(B). The Court has discretion to stay discovery pending the resolution of dispositive motions and motions to dismiss. *See, e.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where a court is "convinced that the plaintiff will be unable to state a claim for relief"). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citations omitted).

In determining whether to grant a protective order to stay discovery pending resolution of dispositive motions, the Court considers the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the pending dispositive motion can be decided absent additional discovery. *The Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (internal citations omitted); *see also In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases). If a court concludes the answer to those two question is yes, it may issue a protective order. *Pac. Lumber Co.*, 220 F.R.D. at 352. "However, if either prong of this test is not established, discovery proceeds." *Id.*

Plaintiffs argue that Defendants' motion is premature because they have not served

2

1  discovery and, thus, there is "no issue at which discovery is directed."  However, given the nature
2  of the claims and the scope of Plaintiffs' proposed class, the Court does not find this argument
3  persuasive.  In addition, Defendants' motion was prompted, in part, because the parties raised their
4  dispute about the need for discovery prior to resolution of the  in their case management
5  conference statement.

6        The parties each assert that the agreements Defendants submitted with the motion to
7  dismiss strongly support their respective positions about whether a reverse payment settlement
8  exists.  Plaintiffs also argue Defendants could have submitted the agreements with their first
9  motion to dismiss, and they urge the Court not to visit its previous ruling.  The Court expresses no
10 opinion on the merits of the pending motion to dismiss, but after a preliminary review of the
11 motion and the opposition, the Court finds Defendants' arguments are *potentially* dispositive.
12 Moreover, even if Defendants' arguments regarding extraterritorial application of the Cartwright
13 Act does not result in an outright dismissal of that claim, it may significantly narrow the scope of
14 discovery.  Accordingly, the Court concludes Defendants have satisfied the first prong of the test.

15       Although Plaintiffs argue that Defendants' motion presents factual disputes that will
16 require discovery, they do not suggest the Court cannot resolve the motion to dismiss without the
17 benefit of discovery.  Based on the Court's preliminary review of the motion, it finds no discovery
18 is needed for resolution of Defendants' motion to dismiss, and thus concludes that Defendants
19 have met their burden under the second prong of the test.

20       As discussed above, in light of the nature of the claims and the allegations about the
21 putative class, the Court concludes that Defendants have shown that a ruling on the motion could
22 also limit the scope of the discovery that would be necessary, reducing the burden or expense
23 imposed.  The Court also concludes Plaintiffs would not be prejudiced by a stay of discovery
24 pending a ruling on Defendants' motion to dismiss.  The Court has not yet entered a scheduling
25 order and has continued the case management conference pending resolution of the motion to
26 dismiss.  Thus, Plaintiffs will not suffer harm if the Court stays discovery pending the Court's
27 ruling, which it will issue in a timely manner.

28       Accordingly, the Court GRANTS the motion and stays discovery pending a ruling on

Defendants motion to dismiss.

**IT IS SO ORDERED**.

Dated: December 5, 2022

_____
JEFFREY S. WHITE
United States District Judge